**No. 40821.**—Protest 939907-G of S. Lisk & Bro. (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of desk pads chiefly used in the household for utilitarian purposes.   The claim at 40 percent under paragraph 339 was therefore sustained.

**No. 40822.**—Protest 937686-G of Greenberg & Josefsberg (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of toilet sets comprising one atomizer, one dropper, and one powder box, chiefly used in the household for utilitarian purposes.   The claim at 40 percent under paragraph 339 was therefore sustained.

**No. 40823.**—Protest 946110-G of S. Lisk & Bro. (New York).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel paper weights plated with silver were held duitable at 50 percent under paragraph 339 as claimed.

**No. 40824.**—Protests 957184-G, etc., of New York Merchandise Co. (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise in question is similar to that the subject of Abstract 37615.   The claim as parts of articles having an electrical element or device at 35 percent under paragraph 353 was therefore sustained.

**No. 40825.**—Protest 942682-G of Attilio De Pompei (Cleveland).

Opinion by DALLINGER, J.   On the record it was held that the wine press in question is manifestly a mechanical contrivance for utilizing and applying energy or force and is not an article having as an essential feature an electrical element or device.   The claim at 27½ percent under paragraph 372 was therefore sustained.

**No. 40826.**—Protests 748445-G, etc., of Ignaz Strauss & Co., Inc. (New York).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel and on the authority of Abstract 38660 the merchandise in question was held dutiable as smokers' articles at 60 percent under paragraph 1552 as claimed.